NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHANNA IVETTE PEREZ DE ALFARO; *et al*.,<br><br>Petitioners,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-71192<br><br>Agency Nos. A202-080-807<br>A202-080-806<br>A202-080-836<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2019**
Pasadena, California

Before:  M. SMITH, MILLER, and COLLINS, Circuit Judges.

Johanna Perez de Alfaro ("Alfaro"), a citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing her

appeal from an immigration judge's denial of her application for asylum,

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture.[1] We have jurisdiction under section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Bringas-Rodriguez*, 850 F.3d at 1059. Applying these standards, we deny the petition for review.

1.      To establish her eligibility for either asylum or withholding of removal in the context of this case, Alfaro had to show, *inter alia*, (1) that she was a member of the "particular social group" that is the basis of her claim of persecution, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010), and (2) that "'the persecution was committed by the government, or by forces that the government was unable or unwilling to control,'" *Bringas-Rodriguez*, 850 F.3d at 1062 (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). Substantial evidence supports the agency's conclusions that Alfaro failed to establish either element.

---

[1] Alfaro's two children also applied for relief, but their applications are derivative of hers.

a.      Assuming without deciding that Alfaro's proposed social group ("Salvadoran women unable to leave a domestic relationship") is cognizable under the INA,[2] we conclude that substantial evidence supports the agency's determination that Alfaro failed to establish that she is a member of that social group.  As the BIA noted, the factual record confirmed that Alfaro had not shown an inability to leave her domestic relationship: (1) Alfaro was able to live apart from her husband in El Salvador for several years; (2) Alfaro had the option to file for divorce, and her effort to do so was not thwarted by any legal or social obstacle but only by the "unscrupulous" behavior of the attorney she hired; (3) Salvadoran authorities provided assistance to her, including by arresting her husband on two occasions; and (4) Alfaro was able to obtain and enforce a restraining order against

---

[2] In assuming *arguendo* that Alfaro's proposed particular social group was cognizable, the BIA applied the framework established in its precedential decision in *Matter of A-R-C-G-*, 26 I&N Dec. 388 (BIA 2014), which addressed a comparably defined proposed group.  Under that decision, whether a woman is able to leave her domestic relationship turns on, among other things, any "religious, cultural, or legal constraints" that may preclude leaving, including "societal expectations about gender and subordination" or lack of police protection. *Id*. at 392–93.  For purposes of deciding this petition for review, we likewise apply *Matter of A-R-C-G-*'s framework, and on the administrative record before us we have no occasion to address or decide whether *Matter of A-R-C-G-* erred in finding cognizable the sorts of proposed particular social groups covered by that decision. *Cf. Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) (overruling *Matter of A-R-C-G-*); *Grace v. Whitaker*, 344 F. Supp 3d 96 (D.D.C. 2018) (partially enjoining enforcement of *Matter of A-B-*), *appeal docketed sub. nom Grace v. Barr*, No. 19-5013 (D.C. Cir.); *cf. also Gonzales-Veliz v. Barr*, 938 F.3d 219 (5th Cir. 2019) (upholding *Matter of A-B-*, notwithstanding the *Grace* injunction).

her husband. Although, as the BIA acknowledged, Alfaro's husband continued to make threats and to harass her, that does not compel the conclusion that Alfaro was "unable to leave" her relationship with her husband within the meaning of *Matter of A-R-C-G-*, 26 I&N Dec. at 393.

b.     Substantial evidence also supports the agency's conclusion that Alfaro failed to show that the Salvadoran government was unable or unwilling to control her husband. Salvadoran police responded to her calls on multiple occasions, including arresting her husband twice. That on some occasions the Salvadoran police did not respond, or responded without making an arrest or prosecuting, does not compel a contrary conclusion. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

2.     We further conclude that substantial evidence supports the agency's determination that Alfaro was ineligible for relief under the Convention Against Torture because she failed to show that it was more likely than not that she would be tortured with government acquiescence if she were to return to El Salvador. *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019).[3] In view of the record evidence discussed earlier concerning the Salvadoran authorities' responses to Alfaro's requests for assistance, we conclude that a reasonable factfinder would

---

[3] Although the BIA concluded that Alfaro had waived any challenge to the immigration judge's finding on this score, it nevertheless addressed Alfaro's challenge on the merits, and we therefore have jurisdiction to review it.

4

not be compelled to find that the Salvadoran government would consent to or acquiesce in the torture of Alfaro if she were to return to El Salvador.

**PETITION DENIED**.